Jin Xiang LIN, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–5752–AG NAC.

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

880

Michael Brown, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Varuni Nelson, Deborah B. Zwany, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. BARRINGTON D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Jin Xiang Lin petitions for review of the BIA order denying a motion to reopen a March 2003 BIA decision affirming an immigration judge's denial of her claims for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). The BIA's discretion to grant motions to reopen is subject to the restrictions contained in 8 C.F.R. § 1003.2. The BIA denied Lin's motion as exceeding the time and numerical limits imposed on motions to reopen. An alien is limited to one motion to reopen removal proceedings, *see* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005), which must be filed within ninety days of the final administrative decision, 8 U.S.C. § 1229a(c)(7)(C)

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

(2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can be maintained only if the alien can establish one of four limited exceptions. *See* 8 U.S.C. § 1229a(c)(7) (2005); 8 C.F.R. § 1003.2(c)(3) (2005). One such exception, the only one invoked here, is if the alien can establish "changed circumstances arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted, however, unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

Lin's motion to reopen, her third, was filed on June 29, 2004, a full 15 months after the BIA dismissed the underlying appeal, and therefore is outside the time and numerical limitations. Lin's argument here is that the BIA failed to consider evidence of changed country conditions that would constitute an exception to the time limit and the numerical limitation. The BIA did not abuse its discretion in concluding, however, that Lin's allegations of additional fines for violation of the birth control policy flow directly from her initial claim of fear of persecution for violating China's family planning policy, and that the Chinese authorities' discovery of Lin's illegal departure was not a material new circumstance because it was always reasonably certain that the Chinese border authorities would discover her illegal departure as soon as she returned to China. This reasoning it is not irrational, and therefore not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).